UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILL WHITE; | § | |
| ANN WITHINGTON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-1266-B |
| | § | |
| WELLS FARGO BANK NA, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Defendants Shelley Ortolani, Mary Mancuso, Jim Akins, Kevin Key, Clyde Edwards, Janae Urbanczyk and Selim Taherzadeh's Motion to Dismiss (the "Motion") (doc. 13), filed April 12, 2010.  Plaintiffs do not oppose the Motion.  Having considered the Motion, the Court finds that it should be and hereby is **GRANTED**.

### I.

### BACKGROUND[1]

Plaintiffs Bill White and Ann Withington (collectively, "Plaintiffs") have owned real property located at 3523 and 3525 Delmar, Dallas, Texas (the "Property") since December of 1986.  (Original Pet. at ¶ 14.) Their struggles with Defendant Wells Fargo Bank ("Wells Fargo") over the note on this property underlies the present action. (*Id.* at ¶ 13.) Wells Fargo is the banking association that owns and holds the promissory note in the original amount of $262,000 (the "Note") and the 2006 Deed of Trust securing the Note. (*Id.*) Plaintiffs refinanced the Property in 2006. (*Id.* ) In connection with

---

[1]The Court takes its factual account from those undisputed facts contained in Plaintiffs' Original Petition.  Any disputed facts are identified as the allegations of a particular party.

the refinancing, the Plaintiffs and Wells Fargo signed an Escrow Waiver Agreement (the "Agreement") which provided that Wells Fargo would waive escrow funds for the payment of insurance and ad valorem real property taxes. (*Id.* at ¶ 14.)

On June 1, 2009, Plaintiffs initiated a civil action in the 95th Judicial District Court of Dallas County, Texas against Wells Fargo and Trustee Defendants Brice Vander Linden & Wernick, PC, Shelley Ortolani, Mary Mancuso, Jim Akins, Kevin Key, Clyde Edwards, Janae Urbanczyk and Selim Taherzadeh alleging a cause of action for breach of contract and seeking declaratory and injunctive relief.   In July of 2009, Wells Fargo removed the state court action to this Court on the basis of diversity.   Plaintiffs subsequently filed a Motion to Remand on August 3, 2009 arguing that the citizenship of the Trustee Defendants destroyed diversity .  However, after reviewing the pleadings and the evidence submitted by the parties, the Court denied Plaintiff's Motion to Remand finding that the Plaintiffs were unable to assert a breach of contract cause of action against any of the Trustee Defendants under Texas law.   Thus, their citizenship should not be considered for purposes of assessing diversity jurisdiction.

Following the Court's Order on the Motion to Remand, on April 12, 2010, Trustee Defendants Shelley Ortolani, Mary Mancuso, Jim Akins, Kevin Key, Clyde Edwards, Janae Urbanczyk and Selim Taherzadeh filed the instant Motion to Dismiss.   Through the Motion, they contend that they should be dismissed from this action without prejudice under section 51.007 of the Texas Property Code.  (Mot.  to Dismiss at 1.)  Plaintiffs filed individual responses stating they do not oppose the Motion.   The Court now turns to the merits of its decision.

## II.

## LEGAL STANDARD

Section 51.007(a) of the Texas Property Code provides that a trustee named in a suit may

plead that they are not a necessary party by a verified denial stating the basis for their reasonable belief that they were named as a party solely in their capacity as a trustee. Tex. Prop. Code § 51.007(a) (Vernon 2008). The other parties to the suit may then file a verified response rebutting the trustee's verified denial within 30 days after the filing of the verified denial. *Id.* at § 51.007(b). However, if there is no timely verified response filed, the trustee *shall* be dismissed from the suit without prejudice. *Id.* at § 51.007(c) (emphasis added); *see also WAMCO XXVII, Ltd. v. Casa Grande Cotton Finance Co.*, 314 F.Supp.2d 655 (N.D. Tex. 2004) (dismissing defendant without prejudice based on failure to file a verified response to verified answer).

## III.

## ANALYSIS

On August 19, 2009, Defendants Shelley Ortolani, Mary Mancuso, Jim Akins, Kevin Key, Clyde Edwards, Janae Urbanczyk and Selim Taherzadeh filed a verified answer asserting that they were named solely in their capacity as substitute trustees and were not necessary parties. (Answer ¶ 26.) The record shows that Plaintiffs did not submit a verified response within 30 days of that filing rebutting the verified denial. As such, there is no basis upon which to find that Shelley Ortolani, Mary Mancuso, Jim Akins, Kevin Key, Clyde Edwards, Janae Urbanczyk or Selim Taherzadeh are necessary parties in this action. Accordingly, Section 51.007(a) of the Texas Property Code requires the dismissal of Shelley Ortolani, Mary Mancuso, Jim Akins, Kevin Key, Clyde Edwards, Janae Urbanczyk and Selim Taherzadeh. Tex. Prop. Code § 51.007(c) ("If a party... fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit without prejudice."); *see WAMCO,* 314 F.Supp.2d at 655.

## IV.

## CONCLUSION

For the reasons stated above, the Court concludes that Section 51.007(a) of the Texas Property Code requires the dismissal of Defendants Shelley Ortolani, Mary Mancuso, Jim Akins, Kevin Key, Clyde Edwards, Janae Urbanczyk and Selim Taherzadeh.   The Court **ORDERS** that all claims against Defendants Shelley Ortolani, Mary Mancuso, Jim Akins, Kevin Key, Clyde Edwards, Janae Urbanczyk and Selim Taherzadeh are **DISMISSED without prejudice.**

**SO ORDERED.**

**DATED July 14, 2010.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE